IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | **No. 2:18-CR-253-RBS** |
| ANMOL SINGH KAMRA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR BAIL PENDING APPEAL,
OR FOR EXTENSION OF SURRENDER DATE**

Pursuant to 18 U.S.C. §§ 3143(b)(1) & 3145(c), Fed.R.Crim.P. 38(b)(1), and 3d Cir. LAR 9.1, the defendant, Anmol S. Kamra, moves this Court for release pending appeal and for stay of execution of sentence. In support of his motion, the defendant states:

1. Mr. Kamra was charged in a one-count indictment, on June 13, 2018, with conspiracy, in violation of 21 U.S.C. § 846, to dispense unlawfully (that is, to "distribute") oxycodone, a Schedule II controlled substance, without a valid prescription, between December 2012 and March 2016, contrary to *id.* § 841(a),(b)(1)(C). Doc. 1. Mr. Kamra was an employed pharmacy office manager, not a pharmacist or a doctor. In 2012, Mr. Kamra was 19 years old and a college student; he graduated in 2014.

2. From the time of his initial appearance until the return of the verdict, Mr. Kamra was released on a $50,000 secured bond. Doc. 7. He fully complied with that bond.

3. On November 27, 2019, following a 12-day jury trial (including two days of deliberations), Mr. Kamra was convicted. Doc. 101. The defense at trial was based on good faith, that is, the defendant's reliance on the supervision and direction of qualified professionals. Pursuant to 18 U.S.C. § 3143(a)(2)(B), this Court continued the defendant's bond

1

at that time, with an added condition of home confinement. Doc. 100, 105. Again, the defendant fully complied.

4. On March 9, 2021, this Court denied the defendant's motion under Fed.R. Crim.P. 33 for a new trial in the interest of justice. The motion was based on the weight of the evidence.  Doc. 136.

5. On March 11, 2012, this Court imposed sentence of 18 months' imprisonment, followed by three years' supervised release, and the required $100 special assessment. Doc. 137. Again, the Court declined to revoke Mr. Kamra's bail, but rather, as authorized by § 3143(a)(1) & (a)(2)(B), continued the same conditions pending execution of sentence (commonly referred to as "granting voluntary surrender") until April 26, 2021. Doc. 138.

6. The judgment of conviction and sentence was signed, filed and entered on March 15, 2021. Doc. 139.  From this judgment, Mr. Kamra took a timely appeal to the Third Circuit, Doc. 141, which is docketed there at No. 21-1615.

7. Mr. Kamra is a citizen of India, not of the United States. PSI, p.2. He has the status of Lawful Permanent Resident. PSI ¶ 43. Nevertheless, the Bureau of Immigration and Customs Enforcement ("ICE") has not placed a detainer on Mr. Kamra or sought to take him into custody. Nor, to the best of his knowledge, is he "in proceedings" for removal from the United States. Upon information and belief, based on consultation with an attorney who specializes in the intersection of criminal and immigration law, ICE will not do so until and unless Mr. Kamra comes into the custody of the Bureau of Prisons.

8. Mr. Kamra is married to a United States citizen, who is a Registered Nurse at Fox Chase Cancer Center. They own their home, located in Newtown Square, Pa. PSI ¶ 42. Mr. Kamra's younger brother, a college student, also resides there. PSI ¶ 39.

9. On March 23, 2021, the defendant received notice that he had been designated by the Bureau of Prisons ("BOP") to serve his sentence at the North Lake Correctional Institution, a privately owned and operated (GEO Group, Inc.), for-profit prison facility in Baldwin, Michigan. Under a recent policy change, BOP utilizes private prisons only for non-citizens who are expected to face removal from the United States upon completion of their terms of incarceration. The North Lake facility is located approximately 770 driving miles from Newtown Square, Pa., where Mr. Kamra's wife and brother reside. Nor can Baldwin, Mich., be conveniently reached from the Philadelphia area by any means of public or commercial transportation.

10. Until 2018, BOP policy favored designation of inmates within 500 miles of their anticipated *release residence*. As a result, deportable aliens were exempt from the 500-miles policy, and were often placed in private contract prisons scattered throughout the United States, without regard for U.S. family considerations. Congress effectively overturned that policy in § 601 of the First Step Act (12/21/2018), as to non-citizens with strong U.S. ties, by amending 18 U.S.C. § 3621(b) to require BOP, whenever feasible, to place inmates within 500 miles of their "primary residence."

    a. In light of the First Step Act amendment to § 3621(b), Mr. Kamra's placement notification appeared to be unlawful. Accordingly, the defendant filed a motion with this Court, to which the government did not object, requesting an explicit recommendation for designation within 500 miles of Newtown Square. This Court granted that request by Order filed March 30, 2021. Doc. 142.

    b. There are several low-security BOP institutions for male inmates within a 500-mile radius of Newtown Square. (Given the nature of his offense, sentence length, age, lack of violence, and good bail record, Mr. Kamra would be a "low security" inmate. BOP

considers his immigration status to be a "public safety factor" preventing him from being designated as "minimum security," however.) Indeed, there are at least four such law security institutions within 150 miles of the Philadelphia metropolitan area.

 c. Notwithstanding this Court's recommendation and the Congressional directive, the Bureau of Prisons has declined to change the North Lake designation, according to an email received by counsel on April 14, 2021, from the U.S. Marshal's office.

 11. Defendant Kamra meets the statutory criteria for bail pending appeal.

 a. This Court has already determined, by clear and convincing evidence, that the defendant is not likely to flee, nor is he a danger to any other person or to the community. 18 U.S.C. § 3143(b)(1)(A). This conclusion was necessarily implicit in the Court's post-verdict and post-sentence bail rulings.

 b. The defendant's appeal has been taken in good faith, and will "raise[ one or more] substantial question[s] of law [and] fact" that are "likely to result in" an order for a new trial. *Id*.(b)(1)(B). As that criterion has been long interpreted by the Third Circuit, a "substantial question" is one that is "fairly debatable," and the "likely to result" clause refers to the outcome if that issue prevails, that is, the issue is not waived, moot or harmless. See, *e.g*., *United States v Foxworth*, No. 14-CR-540-RBS, 2019 WL 454426 (E.D.Pa., Feb. 4, 2019). In short, based on preliminary analysis, Mr. Kamra may raise on appeal, among other issues:

  (i) Whether the verdict in this case is against the weight of the evidence.

  (ii) Whether this Court abused its discretion in refusing admission of highly probative evidence for the defense, Tr. Day 8, at 5 (11/21/19), in the form of official reports of the Pennsylvania state government Patient Management Program. The

government's objection rested on foundation and authentication of these records, Tr. Day 7, at 227–28 (11/20/19), even while arguing in support of the same objection (albeit irrelevantly) that the witness (John Ivey) had obtained the subpoenaed records unlawfully *from the state database*, thus implicitly conceding their authenticity. Tr. Day 8, at 6. The defense made a full offer of proof. Tr. Day 8, at 7–10.  The Court declined to reconsider its ruling, however. *Id*., at 10–11.

  (iii)  Whether the Court committed plain and reversible error when it failed to advise the jury, when charging on the defendant's good faith defense, that in order to acquit it need not "find" that Mr. Kamra "acted in good faith" or determine "what the defendant believed," but rather, only need harbor a reasonable doubt on that score. *See* Tr. Day 10, at 120–22. See *United States v. Greenspan*, 923 F.3d 128, 147–48 (3d Cir. 2019) (similar instruction held erroneous, but not prejudicial on plain error review, in light of overwhelming evidence).  The evidence of Mr. Kamra's culpable involvement in the charged conspiracy was far from overwhelming.

  c. Mr. Kamra's case presents "exceptional reasons" why his "detention [pending appeal] would not be appropriate," 18 U.S.C. § 3145(c), thus overcoming the otherwise mandatory presumption found in § 3143(b)(2).  His family and community ties (unusual for a non-citizen defendant), the BOP's mistaken designation of him to a distant and hard-to-visit facility (particularly in light of his wife's critical responsibilities as a nurse in a cancer center, which prevents her from devoting two or three days away from work for each prison visit, rather than a day or less), and the likelihood that ICE will place a detainer on him if he is incarcerated (which it apparently will not otherwise do), all militate strongly against Mr. Kamra's detention at this time.

12. In the alternative, if bail pending appeal is not granted, this Court should at least extend Mr. Kamra's surrender date (that is, his release pending execution of sentence) for an additional 100 days, until August 23, 2021 or later. Under BOP policy, a designation that is not fulfilled within 120 days is subject to reconsideration and may be canceled. BOP Prog. Smt. 5100.08, ch. 3, at 6 (9/12/06, with 9/4/19 change notice) ("Security Designation Procedures for New Commitments").  This would allow the BOP to reconsider and give effect to this Court's recommendation.

WHEREFORE, this Court should release the defendant, Anmol S. Kamra pending appeal.  The defendant further suggests that continued home confinement with electronic monitoring is unnecessary in light of the history of this case, and should be eliminated as a condition.  Barring bail pending appeal, the Court should extend the current voluntary surrender date to a date not sooner than August 23, 2021.

Respectfully submitted,

Dated:  April 15, 2021

Of Counsel:
s/Peter Goldberger
PETER GOLDBERGER
50 Rittenhouse Place
Ardmore, PA  19003
  (610) 649-8200
peter.goldberger@verizon.net
*Appellate Counsel for Dft. Kamra*

*/s/ Susan M. Lin*
Susan M. Lin
KAIRYS, RUDOVSKY, MESSING,
   FEINBERG & LIN
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
   (215) 925-4400
slin@krlawphila.com
*Attorney for the Defendant*

CERTIFICATE OF SERVICE

On April 15, 2021, I served a copy of the foregoing Motion on the attorneys of record for the government via this Court's ECF system, addressed to:

Mary Kay Costello, Esq.
Amanda Reinitz, Esq.
Assistant U.S. Attorneys
Eastern District of Pennsylvania

　　　　　　　　　　　　　　　　　　　__s/Peter Goldberger_____